# IN THE UNITED STATES DISTRICT COURT

THE ESTATE OF CLAY AARON ESTES, by and through its Personal Representative, ASHLEY ESTES,,

Plaintiff,

v.

CITY OF ORANGE BEACH. ALABAMA and JOHN DOES 1-10, in their individual capacities,

Defendants.

CIVIL ACTION NO.: 1:26-CV-00490-KD-M

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now the Defendant, City of Orange Beach, and answers the Plaintiff's Complaint as follows:

1. Defendant admits that the Plaintiff is asserting civil rights claims as well as a wrongful death claim with regard to the death of Clay Aaron Estes but Defendant specifically denies the factual allegations in support of same.
2. Defendant denies the allegations of the paragraph and demands strict proof thereof.
3. Defendant denies the allegations of the paragraph and demands strict proof thereof.
4. Defendant denies the allegations of the paragraph and demands strict proof thereof.
5. Defendant admits that on the morning of August 12, 2025, Mr. Estes was found hanging in his jail cell with a sheet around his neck. Defendant further

admits that Mr. Estes died of asphyxia caused by hanging. Defendant denies the remaining allegations of the paragraph and demands strict proof thereof.

6. Defendant denies the allegations of the paragraph and demands strict proof thereof.
7. Defendant denies the allegations of the paragraph and demands strict proof thereof.
8. Defendant denies the allegations of the paragraph and demands strict proof thereof.

**JURISDICTION AND VENUE**

9. Defendant admits that the Court has subject-matter jurisdiction over the claims as alleged but specifically denies the factual allegations in support of same.
10. Defendant admits that the Court has supplemental jurisdiction over the state-law claims as alleged but specifically denies the factual allegations in support of same.
11. In that no individual defendants have been identified, the Defendant denies the allegations of this paragraph and demands strict proof thereof.
12. Defendant admits that venue is proper as to the claims as alleged but specifically denies the factual allegations in support of same.
13. Defendant admits that it is located in the State of Alabama. To the extent that the paragraph makes any factual allegations concerning the Defendant, same are denied.

## FACTS

14. Defendant lacks information sufficient to affirm or deny the allegations of this paragraph, therefore, same are denied.

15. Defendant admits that it is a municipal corporation organized under the laws of the State of Alabama. Defendant denies as stated the remaining allegations of the paragraph.

16. Denied as stated.

17. This allegation is not directed toward this Defendant, therefore, a response is not required. Should the Court require a response of this Defendant, Defendant denies the allegations of the paragraph and demands strict proof thereof.

18. This allegation is not directed toward this Defendant, therefore, a response is not required. Should the Court require a response of this Defendant, Defendant denies the allegations of the paragraph and demands strict proof thereof.

19. This allegation is not directed toward this Defendant, therefore, a response is not required. Should the Court require a response of this Defendant, Defendant denies the allegations of the paragraph and demands strict proof thereof.

20. This allegation is not directed toward this Defendant, therefore, a response is not required. Should the Court require a response of this Defendant, Defendant denies the allegations of the paragraph and demands strict proof

thereof.

## FACTUAL ALLEGATIONS

### A. The Death of Clay Aaron Estes

21. Defendant denies the allegations of the paragraph and demands strict proof thereof.

22. Defendant denies the allegations of the paragraph and demands strict proof thereof.

23. Defendant admits that on August 10, 2025, Mr. Estes was transported from the jail to a local emergency department for evaluation and treatment. Defendant denies as stated the remaining allegations of the paragraph.

24. Defendant admits that Mr. Estes was evaluated and treated for complaints of abdominal pain, nausea and vomiting. Defendant denies the remaining allegations of the paragraph and demands strict proof thereof.

25. Defendant admits that Mr. Estes was evaluated and prescribed nausea medication before being discharged on August 11, 2025. Defendant denies as stated the remaining allegations of the paragraph.

26. Admitted.

27. Defendant denies as stated the allegations of the paragraph as it is not aware of the Plaintiff's definition of "placed under supervision". Defendant denies all remaining allegations of the paragraph and demands strict proof thereof.

28. Defendant denies the allegations of the paragraph and demands strict proof thereof.

29. Defendant denies the allegations of the paragraph and demands strict proof thereof.

30. Admitted.

31. Defendant admits that EMS arrived at the jail at approximately 10:45 a.m. Defendant denies that emergency medical services initiated life-saving measures. Life-saving measure were initiated by officers on the scene.

32. Upon information and belief, admitted.

33. Upon information and belief, admitted.

34. Upon information and belief, admitted.

35. Upon information and belief, admitted.

36. Defendant admits that Mr. Estes's death occurred while he was located at the Orange Beach jail. Defendant denies as stated the remaining allegations of the paragraphs.

37. Defendant denies the allegations of the paragraph and demands strict proof thereof.

38. Defendant denies the allegations of the paragraph and demands strict proof thereof.

39. Defendant denies the allegations of the paragraph and demands strict proof thereof.

40. Defendant denies the allegations of the paragraph and demands strict proof thereof.

**B. Mr. Estes Was Treated the Way the City Treats All Detainees**

41. Defendant denies the allegations of the paragraph and demands strict proof thereof.

42. Defendant denies the allegations of the paragraph and demands strict proof thereof.

43. Defendant denies the allegations of the paragraph and demands strict proof thereof.

44. Defendant denies the allegations of the paragraph and demands strict proof thereof.

45. Defendant denies the allegations of the paragraph and demands strict proof thereof.

46. Defendant denies the allegations of the paragraph and demands strict proof thereof.

47. Defendant denies the allegations of the paragraph and demands strict proof thereof.

48. Defendant denies the allegations of the paragraph and demands strict proof thereof.

49. This paragraph does not contain a factual allegation, rather, it contains a description of what Plaintiff expects discovery to reveal. Nevertheless, Defendant denies the allegations of the paragraph and demands strict proof thereof.

## C. The City's Failure to Discipline and Its Ratification of Unconstitutional Conduct

50. This paragraph does not contain a factual allegation, rather, it contains a description of what Plaintiff expects discovery to reveal. Nevertheless, Defendant denies the allegations of the paragraph and demands strict proof thereof.

51. Defendant denies the allegations of the paragraph and demands strict proof thereof.

52. Defendant denies the allegations of the paragraph and demands strict proof thereof.

53. Defendant denies the allegations of the paragraph and demands strict proof thereof.

54. Defendant denies the allegations of the paragraph and demands strict proof thereof.

**COUNT I – ALABAMA WRONGFUL DEATH**

**(Against All Defendants)**

55. Defendant adopts and incorporates its prior responses as if set forth fully herein.

56. This paragraph purports to characterize the applicable law and the legal duties owed by the Defendant. No response is requires to these legal conclusions. To the extent a response is required, Defendant denies any characterization of the law or its legal obligations that is inconsistent with applicable law.

57. Defendant denies the allegations of the paragraph and demands strict proof

thereof.

58. Defendant denies the allegations of the paragraph and demands strict proof thereof.

59. Defendant denies the allegations of the paragraph and demands strict proof thereof.

60. Defendant denies the allegations of the paragraph and demands strict proof thereof.

61. Defendant denies the allegations of the paragraph and demands strict proof thereof.

62. Defendant denies the allegations of the paragraph and demands strict proof thereof.

63. This paragraph purports to characterize the applicable law and the liability of the Defendant. No response is requires to these legal conclusions. To the extent a response is required, Defendant denies any characterization of the law or its liability that is inconsistent with applicable law.

64. This paragraph purports to characterize the applicable law. No response is requires to this legal conclusion. To the extent a response is required, Defendant denies any characterization of the law that is inconsistent with applicable law.

65. This paragraph purports to characterize the applicable law and the liability of the Defendant. No response is requires to these legal conclusions. To the extent a response is required, Defendant denies any characterization of the

law or its liability that is inconsistent with applicable law.

66. Defendant admits that the Plaintiff is seeking the recovery of damages under Alabama law but specifically denies the factual allegations in support of same.

**COUNT II – MUNICIPAL LIABILITY (STATE LAW)**

**(Against Defendant City of Orange Beach)**

67. Defendant adopts and incorporates its prior responses as if set forth fully herein.

68. This paragraph purports to characterize the applicable law and the liability of the Defendant. No response is requires to these legal conclusions. To the extent a response is required, Defendant denies any characterization of the law or its liability that is inconsistent with applicable law.

69. Denied as stated.

70. This paragraph purports to characterize the applicable law and the duty owed by unknown employees. No response is requires to these legal conclusions. To the extent a response is required, Defendant denies any characterization of the law or duty that is inconsistent with applicable law.

71. Defendant denies the allegations of the paragraph and demands strict proof thereof.

72. Defendant denies the allegations of the paragraph and demands strict proof thereof.

73. Defendant denies the allegations of the paragraph and demands strict proof

thereof.

74. This paragraph purports to characterize the applicable law and the liability of the Defendant. No response is requires to these legal conclusions. To the extent a response is required, Defendant denies any characterization of the law or its liability that is inconsistent with applicable law.

75. Defendant admits that the Plaintiff is seeking recovery from the City but specifically denies the factual allegations in support of Plaintiff's claims.

**COUNT III – 42 U.S.C. § 1983**

**DELIBERATE INDIFFERNCE/FAILURE TO PROTECT**

**(Against John Doe Defendants 1 – 10, in their individual capacities)**

76. Defendant adopts and incorporates its prior responses as if set forth fully herein.

77. In that the Defendant does not have knowledge of the specific individuals referenced in this paragraph, Defendant denies the allegations of the paragraph and demands strict proof thereof.

78. This paragraph purports to characterize the applicable law. No response is requires to these legal conclusions. To the extent a response is required, Defendant denies any characterization of the law that is inconsistent with applicable law.

79. Defendant denies the allegations of this paragraph and demands strict proof thereof.

80. Defendant denies the allegations of this paragraph and demands strict proof

thereof.

81. Defendant denies the allegations of this paragraph and demands strict proof thereof.

82. Defendant denies the allegations of this paragraph and demands strict proof thereof.

83. Defendant denies the allegations of this paragraph and demands strict proof thereof.

84. Defendant denies the allegations of this paragraph and demands strict proof thereof.

85. Defendant denies the allegations of this paragraph and demands strict proof thereof.

86. Defendant admits that the Plaintiff is seeking relief against Defendants John Does 1-10 but specifically denies the factual allegations in support of same.

**COUNT IV – 42 U.S.C. § 1983 (MONELL LIABILITY)**

**(Against Defendant City of Orange Beach)**

87. Defendant adopts and incorporates its prior responses as if set forth fully herein.

88. Denied as stated.

89. Defendant denies the allegations of this paragraph and demands strict proof thereof.

**A. Widespread Custom and Practice**

90. Defendant denies the allegations of this paragraph and demands strict proof

thereof.

91. Defendant denies the allegations of this paragraph and demands strict proof thereof.

### B. Failure to Train

92. Defendant denies the allegations of this paragraph and demands strict proof thereof.

93. Defendant denies the allegations of this paragraph and demands strict proof thereof.

94. Defendant denies the allegations of this paragraph and demands strict proof thereof.

### C. Failure to Supervise and Discipline

95. This paragraph does not contain a factual allegation, rather, it contains a description of what Plaintiff expects discovery to reveal. Nevertheless, Defendant denies the allegations of the paragraph and demands strict proof thereof.

96. Defendant denies the allegations of this paragraph and demands strict proof thereof.

97. Defendant denies the allegations of this paragraph and demands strict proof thereof.

### D. Final-Policymaker Decision and Ratification

98. Defendant denies the allegations of this paragraph and demands strict proof thereof.

99. Defendant denies the allegations of this paragraph and demands strict proof thereof.

### E. Causation and Deliberate Indifference

100. Defendant denies the allegations of this paragraph and demands strict proof thereof.

101. Defendant denies the allegations of this paragraph and demands strict proof thereof.

102. Defendant denies the allegations of this paragraph and demands strict proof thereof.

103. Defendant admits that the Plaintiff seeks relief against the City of Orange Beach but specially denies all factual allegations in support of same.

## COUNT V – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE II

## (Against Defendant City of Orange Beach)

104. Defendant adopts and incorporates all prior responses as if set forth fully herein.

105. Admitted.

106. This paragraph purports to characterize the applicable law. No response is requires to these legal conclusions. To the extent a response is required, Defendant denies any characterization of the law that is inconsistent with applicable law.

107. Defendant denies the allegations of this paragraph and demands strict

proof thereof.

108. Defendant denies the allegations of this paragraph and demands strict proof thereof.

109. Defendant denies the allegations of this paragraph and demands strict proof thereof.

110. Defendant denies the allegations of this paragraph and demands strict proof thereof.

111. Defendant denies the allegations of this paragraph and demands strict proof thereof.

112. Defendant denies the allegations of this paragraph and demands strict proof thereof.

113. Defendant denies the allegations of this paragraph and demands strict proof thereof.

114. Defendant admits that Plaintiff is seeking relief under Title II of the Americans with Disabilities Act but specifically denies all factual allegations in support of same.

**COUNT VI – VIOLATION OF THE REHABILITATION ACT, SECTION 504**

**(Against Defendant City of Orange Beach)**

115. Defendant adopts and incorporates its prior responses as if set forth fully herein.

116. This paragraph purports to characterize the applicable law. No

response is requires to these legal conclusions. To the extent a response is required, Defendant denies any characterization of the law that is inconsistent with applicable law.

117. Admitted.

118. Defendant denies the allegations of this paragraph and demands strict proof thereof.

119. Defendant denies the allegations of this paragraph and demands strict proof thereof.

120. Defendant denies the allegations of this paragraph and demands strict proof thereof.

121. Defendant denies the allegations of this paragraph and demands strict proof thereof.

122. Defendant denies the allegations of this paragraph and demands strict proof thereof.

123. Defendant admits that the Plaintiff is seeking relief under Section 504 of the Rehabilitation Act but specifically denies the factual allegations in support of same.

## PRAYER FOR RELIEF

Defendant denies that the Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Defendant is not liable for any alleged injuries or damages resulting from the effects of Plaintiff's preexisting emotional, psychological, medical or physical conditions, and/or other concurrent causes that were not the result of any act or omission of this Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Defendant asserts the defense of qualified immunity.

**THIRD AFFIRMATIVE DEFENSE**

Defendant asserts the defense of discretionary function immunity.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of statutory law enforcement immunity pursuant to *Ala. Code* § 6-5-338.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of contributory negligence.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of consent and acquiescence.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's intentional tort claims against Defendant are barred by *Ala. Code* § 11-47-190.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages against Defendant are barred under federal and state law.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred because of the failure to comply with the statute of non-claims.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish the Defendant engaged in any conduct that violated his constitutional rights.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of estoppel since Plaintiff's own conduct while in custody demonstrates that he was not harmed or threatened in any way.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Defendant are subject to the applicable caps on damages under Alabama law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the failure of the Plaintiff to mitigate his alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because any award of punitive damages under federal or state law, without bifurcating the trial and trying all punitive damage issues only if and after liability on the merits has been found, would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process

provisions of the Alabama Constitution and would be improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the protection and benefits of *Ala. Code* § 11-47-191.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts the protection and benefits of *Ala. Code* § 6-11-21, which limits any award of punitive damages against this Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant denies that any injuries or damages allegedly suffered by Plaintiff were a legal and proximate result of any act or omission on the part of this Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts that the sole proximate cause of Plaintiff's alleged injuries and damages are events, conditions, physiology and reactions which could not have been reasonably anticipated in the exercise of reasonable care applicable to this Defendant, and as such, Defendant can have no liability whatsoever for the complaint and causes of action asserted against it.

**NINETEENTH AFFIRMATIVE DEFENSE**

An award of mental anguish damages in this case will violate the Defendant's due process and equal protection rights guaranteed by the United States Constitution and the Constitution of the State of Alabama because juries are not

given any rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

**TWENTIETH AFFIRMATIVE DEFENSE**

The imposition of punitive damages without sufficient guidelines as to the proper circumstances for such an award or the amount of such an award, would violate the due process guarantees of the Fifth and Fourteenth Amendments to the Constitution of the United States.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

A punitive damages award would violate the equal protection clause of the United States Constitution.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

A punitive damages award would violate the contract clause of Article II of the Constitution of the United States.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred because an award of punitive damages will constitute an impermissible burden on interstate commerce in violation of the commerce clause of Article I, Section 9 of the Constitution of the United States.

**TWENTY-SECONDFOURTH AFFIRMATIVE DEFENSE**

A punitive damages award cannot be sustained because an award of punitive damages by a jury that: (1) is not provided a sufficient standard for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not

instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to permissible damages; and (5) is not subject to judicial review on the basis of objective standards, would violate Defendants' due process and equal protection rights as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of explicit, particularized guidelines or standards would be highly unfair because such an award would be grossly excessive, disproportionate, arbitrary, and irrational. A punitive damage award in the absence of such guidelines or standards would bear no rational or reasonable relationship to Defendants' alleged conduct in this matter or to any alleged harm to Plaintiff, and would be unconstitutionally in excess of legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards, therefore, would violate the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under the Constitution of the United States to the extent it seeks to punish, influence or change policies or practices nationwide rather than these Defendants' policies or practices which occurred in this State.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case would be unconstitutional as Defendant did not receive fair notice of either the conduct that might subject it to punishment or the severity of the potential penalty that might be imposed as punishment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

An award of punitive damages in this case would contravene the constitutional prohibition against *ex post facto*.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent it seeks the admission into evidence of the net worth of each defendant in determining whether punitive damages are to be awarded and in what amount they are to be awarded because punitive damages are a form of punishment and basing an award of punitive damages on Defendant's status rather than on specific misconduct has the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fourteenth Amendment.

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendant asserts the defense of state agent immunity.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendant reserves the right to raise different and additional defenses as discovery progresses.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The Complaint, separately and severally, fails to state a cause of action against this Defendant, separately and severally, upon which relief may be granted.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The Defendant cannot be held liable under the doctrine of respondeat superior or any other form of derivative liability under any cause of action brought pursuant to federal law.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

The Defendant was not deliberately indifferent to any training or education requirements for liability to attach pursuant to federal law.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to allege and prove any unconstitutional policy, practice, or custom of the City of Orange Beach, or any lack thereof, caused any deprivation of constitutional rights.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The Defendant City cannot be held liable absent action by a known employee that is determined to be responsible in tort or law for the underlying actions.

**s/Melissa P. Hunter**

ANDREW J. RUTENS (RUT009)
arutens@gallowayllp.com
MELISSA P. HUNTER (PIG003)
mhunter@gallowayllp.com
GALLOWAY, WETTERMARK
& RUTENS, LLP
Post Office Box 16629
Mobile, Alabama 36616-0629
PH: (251)476-4493
FX: (251)479-5566
*Attorneys for CITY OF ORANGE BEACH*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

**s/Melissa P. Hunter**